IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 97-cv-00212-MSK-CBS

EDWARD H. PHILLIPS,

    Plaintiff,

v.

AWH CORPORATION, a Delaware corporation,
HOPEMAN BROTHERS, INC., a Delaware corporation, and
LOFTON CORPORATION, a Delaware corporation,

    Defendants, and

CARL MANTHEI,

    Interested Party, and

LARIVIERE, GRUBMAN & PAYNE, LLP,

    Interested Party.

---

**OPINION AND ORDER DENYING MOTIONS TO WITHDRAW REFERENCE AND MOTION TO RECUSE**

---

**THIS MATTER** comes before the Court pursuant to the Plaintiff's Motion to Vacate Order of Reference to the Magistrate Judge **(# 454)**, and Interested Party Manthei's response **(# 457)**; and Interested Party LaRiviere, Grubman & Payne, LLP's ("LGP") Motion for Recusal **(# 459)** and Interested Party Manthei's response **(# 460)**.

Distilled to the essential facts, the Plaintiff, then represented by LGP, litigated a patent infringement lawsuit against the Defendants to a $1.85 million verdict. This Court subsequently

1

granted judgment as a matter of law to the Defendants **(# 345)**. Shortly after this Court entered judgment in favor of the Defendants, the Plaintiff, now represented by new counsel, reached a settlement with the Defendants in the amount of approximately $2.5 million.

Interested Party Carl Manthei, the Plaintiff's original counsel, and LGP, the Plaintiff's former trial counsel, each moved to enforce liens **(# 348, 362)** against the settlement amount to recover fees for services they had previously provided to the Plaintiff. This Court referred **(# 355, 365)** to United States Magistrate Judge Craig B. Shaffer for resolution. The Plaintiff then moved to dismiss **(# 411)** the lien enforcement proceedings, contending that this Court lacked subject-matter jurisdiction over them. Faced with a jurisdictional challenge, Magistrate Judge Shaffer vacated **(# 417)** a scheduled evidentiary hearing on the lien enforcement motions, and instead directed the parties to submit confidential settlement statements in anticipation of a settlement conference. Shortly thereafter, this Court referred **(# 424)** the Plaintiff's motion to dismiss to Magistrate Judge Shaffer in accordance with 28 U.S.C. § 636(b)(1)(B).

Separately, LGP commenced an independent action against the Plaintiff and the Plaintiff's current counsel in this District, asserting claims for breach of contract, conversion, and civil conspiracy, among others. *LaRiviere, Grubman & Payne, LLP v. Phillips*, D.C. Colo. case no. 07-cv-01723-MSK-CBS. That action was initially drawn to Judge Babcock, but on October 30, 2007, Judge Babcock transferred the case to the undersigned for all purposes. *See Docket* # 37 in 07-cv-01723.

The Plaintiff filed the instant motion requesting that the Court vacate the referral of the motion to dismiss to Magistrate Judge Shaffer **(# 454)**, on the grounds that the parties' submission of confidential settlement statements to the Magistrate Judge would create an

appearance of impropriety if the Magistrate Judge were to thereafter rule on a dispositive motion. The Plaintiff's motion misconstrues the scope of the Magistrate Judge's authority under 28 U.S.C. § 636(b)(1)(B). Because the motion to dismiss is dispositive in nature, Magistrate Judge Shaffer cannot simply rule on the motion; rather, § 636(b)(1)(B) empowers him to issue a Report and Recommendation to this Court recommending how the motion should be resolved. The parties will then have an opportunity to object to the Magistrate Judge's report, and this Court will review the objected-to portions of the Magistrate Judge's recommendation *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Because this Court, not Magistrate Judge Shaffer, will ultimately rule on the motion to dismiss, this Court sees no appearance of impropriety in the referral. It is common practice in this District for Magistrate Judges to both conduct settlement conferences and to issue recommendations on specifically-referred dispositive motions. Based on such longstanding practice, the Court has every confidence that Magistrate Judge Shaffer is capable of segregating his settlement role from his recommendations as to the purely legal issues raised in the Plaintiff's motion to dismiss. In the unlikely event that the Magistrate Judge fails in this regard, Fed. R. Civ. P. 72(b) fully protects the Plaintiff against an unjust result. Accordingly, the Plaintiff's motion to vacate the reference to the Magistrate Judge is denied.

LGP separately moves that the undersigned recuse herself from this case **(# 459)**. The precise reasons for LGP's request are a bit unclear. As best the Court can determine, LGP anticipates that in the transferred action, *LGP v. Phillips*, the Plaintiff here (Mr. Phillips), will assert a counterclaim sounding in malpractice, and that, as a result, the Court will be called upon to assess the appealability of its own ruling granting judgment as a matter of law to the

Defendants. LGP submits that this creates an appearance of impropriety and is prohibited by 28 U.S.C. § 47, which prohibits judges from hearing appeals of their own orders.

LGP's motion is without merit for a host of reasons. First, and most importantly, LGP has improperly filed the motion in this case, rather than in *LGP v. Phillips*.[1]

Second, even assuming that the motion was properly filed in this case, it is premature. LGP does not assert that its own claims against Phillips and his current counsel will require interpretation of the Court's ruling granting judgment as a matter of law. Rather, LGP anticipates that Phillips will respond with a counterclaim for legal malpractice, and that that counterclaim will require the Court to assess its prior ruling. Because Phillips has yet to assert such a counterclaim – and there is no clear indication that he will[2] – LGP's motion seeking recusal is premature.

Third, even assuming the matter was ripe, the Court fails to see how a counterclaim for malpractice by Phillips would require an assessment as to the appealability of the Court's prior order. LGP's malpractice, if any, did not involve a decision as to whether the Court's order warranted appeal, and thus, there would be no reason to assess the reasonableness of such a decision by LGP, nor the appealability *vel non* of the Court's order.

Fourth, even assuming that the appealability of the order was at issue, it is highly likely that a jury, not the undersigned, would ultimately determine whether a meritorious appeal would have been possible.

---

[1]The Court notes that LGP unsuccessfully sought reconsideration from Judge Babcock of his decision to transfer the *LGP v. Phillips* case, urging essentially the same arguments it presents here.

[2]The Court has some doubt that a malpractice claim against LGP would serve any useful purpose in light of Phillips' subsequent settlement of his claims for a sum in excess of the jury's verdict.

4

Finally, even if the burden ultimately fell to the undersigned to make such a determination, the Court sees no impropriety in such a situation. The Court is frequently called upon to independently assess whether a meritorious appeal can lie from its own orders. For example, the Court is called upon to determine whether its rulings in *habeas* cases are sufficiently debatable to warrant a Certificates of Appealability under 28 U.S.C. § 2253(c), and is called upon to assess whether a litigant seeking leave to appeal one of its rulings *in forma pauperis* demonstrates colorable grounds on the merits of the appeal. 28 U.S.C. § 1915(a)(3). Moreover, as Judge Babcock noted in the *LGP v. Phillips* case, the Court routinely reconsiders and reevaluates its own rulings where appropriate. Accordingly, LGP's motion for recusal is denied.

For the foregoing reasons, the Plaintiff's Motion to Vacate Reference **(# 454)**, and LGP's Motion for Recusal **(# 459)** are **DENIED**.

Dated this 15th day of November, 2007

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
United States District Judge