IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 97-cv-00212-MSK-CBS

EDWARD H. PHILLIPS,
    Plaintiff,
v.

AWH CORPORATION, a Delaware corporation,
HOPEMAN BROTHERS, INC., a Delaware corporation, and
LOFTON CORPORATION, a Delaware corporation,
    Defendants, and

CARL MANTHEI,
    Interested Party, and

LARIVIERE, GRUBMAN & PAYNE, LLP,
    Interested Party.

**ORDER ON PLAINTIFF'S MOTION TO RECUSE MAGISTRATE
JUDGE FROM SUBSTANTIVE OR DISPOSITIVE MATTERS**

Magistrate Judge Craig B. Shaffer

THIS MATTER is before the court on Plaintiff Edward Phillips' Motion to Recuse Magistrate Judge Craig B. Shaffer from Substantive or Dispositive Matters (doc. # 454), filed on October 29, 2007. Lienor Carl Manthei filed a Response to Plaintiff's Motion to Recuse Magistrate Judge Shaffer (doc. # 457) on October 31, 2007. Pursuant to successive Special Orders of Reference, various pretrial matters in this case, including settlement, were referred to Magistrate Judge Bruce Pringle. On or about January 8, 2001, upon the retirement of Magistrate Judge Pringle, this case was transferred to this Magistrate Judge. Reflecting the status of the case on May 9, 2002, Judge Krieger issued an Order of Reference (doc. # 141) directing this court to

"convene such settlement conferences and directly related procedures as may facilitate resolution of this case."

A brief review of the salient facts will place the instant motion in context. In 1996, Carl Manthei was retained by Plaintiff Phillips, under a contingency fee arrangement, to initiate a patent infringement action against AWH Corporation, Hopeman Brothers, Inc. and Lofton Corporation (the "Patent Defendants"). After a protracted pretrial phase, Plaintiff Phillips terminated his relationship with Mr. Manthei and retained the California law firm of LaRiviere, Grubman & Payne, LLP (the "LaRiviere firm") to prepare for and take the case to trial.[1] After a trial in February and March 2006, on March 10, 2006, the jury returned a verdict in favor of Plaintiff with an award of $1,850,000. With post-trial motions still pending, Mr. Phillips terminated the LaRiviere firm. On December 20, 2006, Judge Krieger granted the Patent Defendants' Motion for Judgment as a Matter of Law, and on the same day granted final judgment in favor of the Patent Defendants and against Mr. Phillips. The case was closed pursuant to D.C.COLO.LCivR 41.2.

On February 14, 2007, Mr. Manthei filed a Motion to Preserve Settlement Proceeds, for a Hearing to Determine Value of Attorney's Lien and to Enforce Attorney's Lien (doc. # 348). Plaintiff Phillips filed his Opposition (doc. # 350) to Manthei's motion on March 9, 2007, arguing that the "sweeping relief sought by Lienor is both unwarranted and excessive." In a footnote, Phillips suggested "[i]t also is unclear whether this Court still has subject matter jurisdiction over this dispute because Messrs. Phillips and Manthei are both residents of Colorado and this dispute does not involve a federal question." *See* Plaintiff's Opposition to Lienor's Motion, at 5. On

---

[1] This court held a settlement conference on February 10, 2006 that was unsuccessful.

April 5, 2007, Manthei's motion to enforce his lien was referred to this court by Judge Krieger. On April 20, 2007, the LaRiviere firm filed a separate Motion to Enforce Attorneys Lien (doc .# 362).

On September 4, 2007, Plaintiff Phillips filed a Motion to Dismiss for Lack of Subject Motion Jurisdiction or, in the alternative, to Decline to Exercise Subject Matter Jurisdiction Pursuant to 28 U.S.C. § 1367(c) (doc. # 411) (hereinafter "Motion to Dismiss"). This court had set an evidentiary hearing (doc. # 381) on the pending motions for attorneys' liens for October 17-19, 2007, but vacated that hearing on September 6, 2007 in light of Plaintiff Phillips' challenge to the District Court's subject matter jurisdiction. During the September 6 hearing, I directed the parties to submit updated confidential settlement statements outlining the facts and issues in the case and their respective settlement position. To date, I have received confidential submissions from Manthei and the La Riviere firm. Neither of these confidential statements address the arguments raised in Plaintiff's Motion to Dismiss. On September 26, 2007, Judge Krieger referred Plaintiff's Motion to Dismiss for Lack of Subject Matter Jurisdiction to this court for findings of fact and a recommendation (doc. # 424). Mr. Manthei responded to Plaintiff's Motion to Dismiss with briefs filed on September 27, 2007 (doc. # 426) and October 26, 2007 (doc. # 452). The LaRiviere firm filed a brief in opposition to the Motion to Dismiss on October 4, 2007 (doc. # 429).

## ANALYSIS

Plaintiff's Motion to Recuse argues that this Magistrate Judge should be disqualified from any role with respect to dispositive motions filed by the parties in light of my access to confidential information submitted in the context of possible settlement negotiations. For the

following reasons, this court concludes that Plaintiff Phillips has not made a sufficient showing to warrant recusal. By statute, "[a]ny justice, judge or magistrate of the United States shall disqualify himself in any proceeding . . . where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." *See* 28 U.S.C. § 455(b)(1). Section 455 requires recusal where a reasonable person knowing all the facts would conclude that the judicial officer's impartiality might reasonably be questioned. *See Hepperle v. Johnston*, 590 F.2d 609, 614 (5th Cir. 1979). However, "[t]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1002) (quoting *Hinman v. Rodger*, 831 F.2d 937, 939 (10th Cir. 1987)).

A judge is not obligated to disqualify himself if the events underlying the recusal motion occurred while the judge served in an official capacity. *New York v. National Railroad Passenger Corp.*, 2007 WL 655607, *3 (N.D.N.Y. 2007). Recusal is not required based upon information obtained as a result of the judicial officer's participation in the case, rather than from an extra-judicial source. *See Barnett v. City of Chicago*, 952 F. Supp. 1265, 1268 (N.D. Ill. 1997). Similarly, this court's efforts to encourage settlement do not give rise to an objective appearance of bias or prejudice, and do not warrant disqualification. *See Franks v. Nimmo*, 796 F.2d 1230, 1235 (10th Cir. 1986).

> It is well established and appropriate for judges to meet with counsel and parties in connection with settlement negotiations. Federal Rule of Civil Procedure 16 encourages judges to take an active role in the settlement of civil suits. Judicial involvement in settlement is increasing. . . . Settlement meetings can take place with all sides present at once as well as with only one side present. Particularly where there will be an impartial jury that will decide the case and the facts revealed in settlement discussions will be revealed again at trial, it is assumed that the

4

settling judge will not be adversely affected by the discussions.

*Bilello v. Abbott Laboratories*, 825 F. Supp. 475, 479 (E.D.N.Y. 1993). *See also Johnson v. Trueblood*, 629 F.2d 287, 291 (3rd Cir. 1980) (holding that statements made by the trial judge during settlement negotiations were not "extra-judicial" and did not warrant recusal under 28 U.S.C. 455); *Smith v. Sentry Ins.*, 752 F. Supp. 1058, 1060-62 (N.D. Ga. 1990) (disqualification not appropriate based upon *ex parte* comments made by judicial officer during settlement conference); *Lazofsky v. Sommerset Bus Co., Inc.*, 389 F. Supp. 1041, 1044 (E.D.N.Y. 1975) (*ex parte* conferences to encourage settlement did not evidence bias).

However, Plaintiff Phillips contends that the *ex parte* confidential settlement memoranda submitted by Manthei and the LaRiviere law firm have given me "extra-judicial" knowledge of relevant facts and, therefore, require recusal under 28 U.S.C. § 455(b)(1). I respectfully disagree. Whatever knowledge this court may have regarding the instant case was obtained solely in my capacity as the magistrate judge assigned to this matter and did not come from an extra-judicial source. *See Lac du Flambeau Band of Lake Superior Chippewa Indians v. Stop Treaty Abuse-Wis. Inc.*, 991 F.2d 1249, 1255-56 (7th Cir. 1993) (facts learned by judicial officer in his or her judicial capacity regarding the parties before the court cannot be the basis for disqualification). Knowledge about a case gleaned from the judicial officer's role in the settlement process is not "extra-judicial" and is not sufficient to warrant recusal. *Omega Engineering, Inc. v. Omega, S.A.*, 432 F.3d 437, 447-48 (2d Cir. 2005). *Cf. Wiley v. United Parcel Service, Inc.*, 2001 WL 431498 (4th Cir. 2001) (finding that the trial judge's participation in a settlement conference did not create an appearance of partiality and did not require recusal before ruling on the parties' cross motions for summary judgment); *United States v. Bailey*, 175 F.3d 966, 969 (11th Cir. 1999) (holding that

facts learned in off-the-record conferences with the parties are not derived from an extra-judicial source for purposes of § 455(b)(1)). *See also Bilello v. Abbott Laboratories*, 825 F. Supp. at 480-81 (holding that any personal knowledge of disputed evidentiary facts gleaned by the trial judge in his role as settlement judge was not "extra-judicial" and did not require recusal under § 455(b)(1)).

Plaintiff contends that my access to confidential settlement memoranda creates "a potential for a perception of impropriety" because I have been "*empowered to address* dispositive issues of the case." *See* Plaintiff's Motion to Recuse, at 9 (emphasis added). Elsewhere, Plaintiff suggests that I should not "act as the judicial officer *resolving* dispositive issues in the case." *Id.*, at 12 (emphasis added).[2] A more precise description of the pending Motion to Dismiss and my role relating to that motion might be helpful. Plaintiff's Motion to Dismiss acknowledges that a "dismissal pursuant to [Fed.R.Civ.P.] 12(b)(1) does not constitute a judgment on the merits of the case, but instead reflects only the Court does not have the power to adjudicate the matter." *See* Plaintiff Phillips' Motion to Dismiss, at 19. Plaintiff claims that the Lienors' motions to enforce attorneys' lien do not present any independent basis for subject matter jurisdiction under either 28 U.S.C. § 1331 ("federal question jurisdiction") or 28 U.S.C. § 1332 ("diversity jurisdiction"). Alternatively, Phillips argues that the District Court should not exercise ancillary jurisdiction over attorneys fees disputes where, as in this case, jurisdiction over the principal claim has terminated,

---

[2]It should be noted that courts have expressed contrary views on whether § 455 permits a limited recusal. *Compare United States v. Feldman*, 983 F.2d 144. 145 (9th Cir. 1992) (holding that the recusal statute does not permit a judicial officer to recuse by subject matter or only as to certain issues and not others; rather, recusal must be from the entire proceeding) and *United States v. Kimberlin*, 781 F.2d 1247, 1259 (7th Cir. 1985) (finding no abuse of discretion where the trial judge issued a limited recusal order). Given the disposition of the pending motion, this court has no reason to address this apparent split of authority.

6

particularly where the division of fees among competing law firms would require substantial fact-finding.

Notably, Plaintiff insists that the facts supporting each of these arguments are clear and undisputed. For example, Phillips maintains

> There is no question that the Patent Lawsuit was fully terminated and closed in this Court and that any right to appeal was terminated. . . . There is no question that the Court did not retain jurisdiction over the fund paid to Mr. Phillips as that fund was not even agreed to, let alone paid, until after the Court ended and closed this case on December 20, 2006. On this basis alone the Court does not have jurisdiction.

*See* Plaintiff's Motion to Dismiss, at 30.[3] Similarly, Phillips argues there is no basis for ancillary jurisdiction since the facts relative to the parties' fee division dispute "have nothing to do with the facts of the Patent Lawsuit" and because the fee dispute "cannot be resolved without substantial additional factfinding." *Id.* If I credit Plaintiff's analysis, any information contained in a confidential settlement memorandum would have no bearing on the legal arguments raised in Phillips' Motion to Dismiss.

Under 28 U.S.C. § 636(b)(1)(B), my role with respect to dispositive motions is precisely defined. I am directed to "submit . . . proposed findings of fact and recommendations" for Judge Krieger's consideration, and provide a copy to all parties.[4] It is simply incorrect to suggest that

---

[3]Plaintiff dismisses "the vast majority of Manthei's factual assertions [as] nothing more than mere unsupported *ipse dixit* of a *pro se* party, and, as such, should be afforded no more weight in resolving this case." *See* Plaintiff's Reply in Support of Combined Motion to Dismiss, at 4-5.

[4]Pursuant to the District Court's Local Rules, "upon reference by a district judge, a magistrate judge may . . . hold hearings and make recommendations to the district judge on dispositive matters." *See* D.C.COLO.LCivR 72.1C(3). In the event that a party objects to the recommended disposition of the matter, "[t]he district judge to whom the case is assigned shall make a *de novo* determination upon the record" and may accept, reject or modify the

7

"the reviewing Court will never be able to know exactly what confidential information [this Magistrate Judge] considered and how [I] weighed that information." *See* Plaintiff's Motion to Recuse, at 17, n. 2. It is equally incorrect to characterize my role as "the judicial officer *resolving* dispositive issues in the case." The parties have the unfettered right to challenge my findings of fact and recommendation. More importantly, Judge Krieger will be the judicial officer deciding Plaintiff's Combined Motion to Dismiss. She will do so with the benefit of my findings of fact and recommendation, but without any knowledge of information contained in the parties' confidential settlement memoranda. Under the circumstances, I do not find that any reasonable person knowing all of the relevant facts could conclude that this Magistrate Judge's impartiality could be questioned in making findings of fact and a recommendation on Plaintiff Phillips' Motion to Dismiss for Lack of Subject-Matter Jurisdiction, or in the alternative, to Decline to Exercise Subject-Matter Jurisdiction Pursuant to 28 U.S.C. § 1367(c).

In conclusion, I find that Plaintiff Phillips has not made the requisite showing under 28 U.S.C. § 455(b)(1). Accordingly, I decline to recuse myself from making findings of fact and recommendations on dispositive motions in this case, and will deny Phillips' Motion to Recuse.

DATED this 5th day of December, 2007.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge

---

recommendation. *See* Fed.R.Civ.P. 72(b) (emphasis added). "*De novo* review means the court must consider the matter anew, the same as if it had not been heard before and as if no decision previously had been rendered." *Abordo v. State of Hawaii*, 938 F. Supp. 656, 658 (D. Hawaii 1996) (under *de novo* review, the district judge's obligation is to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which objections are made).