IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 97-cv-00212-MSK-CBS

EDWARD H. PHILLIPS,
    Plaintiff,
v.

AWH CORPORATION, a Delaware corporation,
HOPEMAN BROTHERS, INC., a Delaware corporation, and
LOFTON CORPORATION, a Delaware corporation,
    Defendants, and

CARL MANTHEI,
    Interested Party, and

LARIVIERE, GRUBMAN & PAYNE, LLP,
    Interested Party.

---

**RECOMMENDATION ON PLAINTIFF'S MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION, OR IN
THE ALTERNATIVE, TO DECLINE TO EXERCISE SUBJECT MATTER
JURISDICTION PURSUANT TO 28 U.S.C. § 1367(c)**

---

Magistrate Judge Craig B. Shaffer

THIS MATTER is before the court on Plaintiff Edward Phillips' Motion to Dismiss for Lack of Subject Matter Jurisdiction or, in the alternative, to Decline to Exercise Subject Matter Jurisdiction Pursuant to 28 U.S.C. § 1367(c) (doc. # 411) [hereinafter "Plaintiff's Motion to Dismiss"], filed on September 4, 2007. Lienor Carl Manthei filed a Response to Plaintiff's Motion to Dismiss (doc. # 426) on September 27, 2007, and a Citation of Supplemental Authority (doc. # 452) on October 26, 2007. Lienor LaRiviere, Grubman & Payne, LLP [hereinafter the "LaRiviere firm"] filed a Response to Phillips' Motion to Dismiss (doc. # 429) on October 4,

1

2007. Plaintiff's Reply (doc. # 449) was filed on October 23, 2007. By a Memorandum dated September 26, 2007, the instant motion was referred to this Magistrate Judge for findings of fact and a recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The court has reviewed the pending motion, the parties' briefs, the entire case file, and the applicable law, and is sufficiently advised in the premises.

## FACTUAL BACKGROUND

The following salient facts are derived from the case file and will place the instant motion in context.[1] In 1996, Plaintiff Phillips retained Carl Manthei under a contingency fee arrangement to initiate an action against AWH Corporation, Hopeman Brothers, Inc. and Lofton Corporation (the "Patent Defendants"). Mr. Phillips' Complaint, filed on February 3, 1997, alleged that the Patent Defendants had infringed patents issued to Mr. Phillips for the construction of metal modular wall panels and misappropriated trade secrets.[2] Plaintiff's Complaint asserted subject matter jurisdiction under 28 U.S.C. §§ 1338(a) and (b), which give the District Courts original jurisdiction over any civil action arising under any Act of Congress relating to patents and any civil action asserting a claim of unfair competition when joined with a substantial and related patent claim.

After a protracted period of discovery and motions practice, on May 9, 2002, Judge

---

[1] I acknowledge that the parties' briefs include several statements or "facts" alluding to the quality of representation provided by counsel in this case and the tempestuous relationships between counsel and client or between successive counsel. The court makes no findings with respect to these assertions, as such "facts" have no bearing on the discrete legal issues raised in Plaintiff's Motion to Dismiss.

[2] Plaintiff's trade secret misappropriation claim was subsequently dismissed by the District Court as barred by Colorado's three-year statute of limitations.

Krieger denied the Patent Defendants' Motion for Summary Judgment on Patent Infringement, and denied Plaintiff's Motion for Summary Judgment on Literal Infringement, Damages and Willfulness, as well as Plaintiff's Motion for Summary Judgment on Anticipation. On November 22, 2002, Judge Krieger entered a Memorandum Opinion and Order on Claim Construction (doc. # 150) for the '798 Patent. On January 22, 2003, the District Court issued an Order Granting Motion for Reconsideration (doc. # 159). With that Order, Judge Krieger vacated her earlier Order of May 8, 2002, and granted the Patent Defendants' Motion for Summary Judgment on Non-Infringement. On the same day, the District Court entered a Judgment (doc. # 160) in favor of the Patent Defendants and against Plaintiff Phillips on all claims in the Complaint.

Plaintiff appealed from that decision and from the dismissal of his claim for trade secret misappropriation. On April 8, 2004, a panel of the United States Court of Appeals for the Federal Circuit affirmed the rulings of the District Court, holding that summary judgment had been properly granted in favor of the Patent Defendants on Plaintiff's patent infringement and trade secret misappropriation claims. *See Phillips v. AWH Corp.*, 363 F.3d 1207 (Fed. Cir. 2004), *reh'g en banc granted, judgment vacated*, 376 F.3d 1382 (Fed. Cir. July 21, 2004). On rehearing en banc, the Federal Circuit on July 12, 2005, affirmed the three-judge panel's decision upholding the District Court's dismissal of the trade secret claim. However, the en banc decision reversed the summary judgment of non-infringement and remanded that claim to the District Court for further proceedings. *See Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005), *cert. denied*, 546 U.S. 1170 (2006).

Upon remand, Judge Krieger held a Fed.R.Civ.P. 16 conference on September 8, 2005, which Lienor Manthei attended in his capacity as counsel for Plaintiff Phillips. At the scheduling

conference, Judge Krieger set a final trial preparation conference for February 13, 2006 and a trial to commence on February 27, 2006. Shane Edgington entered his appearance on behalf of Mr. Phillips on December 5, 2005. The very next day, Mr. Manthei filed a Revised Motion to Withdraw as Counsel for Plaintiff (doc. # 216), having been discharged by Mr. Phillips. On December 15, 2005, members of the LaRiviere firm entered appearances as counsel for Plaintiff. Mr. Manthei filed a Notice of Attorney's Lien (doc. ## 229 and 230) on December 23, 2005.[3] In his Notice, Mr. Manthei stated that he and his associated counsel had entered a contingency contract and addendum with Plaintiff Phillips under which counsel were "to be compensated a reasonable value for their services not to exceed the contingency amount of 45% of the gross amount recovered, plus all costs advanced on behalf of the plaintiff, Edward H. Phillips, in the event of the termination of their services by plaintiff." Copies of this Notice were served on Plaintiff Phillips, Shane Edgington and the LaRiviere firm, as well as counsel for the Patent Defendants. Manthei's Motion to Withdraw was granted on February 14, 2006.

After a nine-day trial commencing on February 27, 2006, the jury returned a verdict in favor of Plaintiff and awarded damages in the amount of $1,850,000 on March 10, 2006. With post-trial motions still pending, on November 21, 2006, several lawyers with the law firm of Duane Morris, LLP entered appearances on behalf of Plaintiff. On November 29, 2006, counsel from the LaRiviere firm filed an unopposed Motion to Withdraw as Counsel for Plaintiff (doc. #

---

[3]By statute, Colorado recognizes that "[a]ll attorneys . . . shall have a lien . . . on any judgment they may have obtained or assisted in obtaining, in whole or in part, and on any and all claims and demands in suit for any fees or balance of fees due or to become due from any client." *See* C.R.S. § 12-5-119. An attorney having a lien "may file, with the clerk of the court wherein such cause is pending, notice of his claim as lienor," *id.*, and may enforce that lien either in the civil action which gave rise to the lien claim or, alternatively, in an independent action. *See Gee v. Crabtree*, 560 P.2d 835, 836 (1977).

4

339), after being discharged by Mr. Phillips. The LaRiviere firm filed a Notice of Attorneys' Lien (doc. # 338) on November 27, 2007, based upon a contingency contract with Plaintiff Phillips. According to the LaRiviere firm, that contract provides in the event of termination by Mr. Phillips that the LaRiviere firm would be reimbursed from any recovery for all costs advanced on behalf of Plaintiff and

> be compensated in an amount equal to the reasonable value of its services, as measured by the ordinary hourly rate charged by said firm for the value of the time expended. In addition, said fee by agreement is further to include the balance remaining, if any, from forty-five percent (45%) of the recovery from the litigation, after payment of the above reasonable value for services and payment of obligations to previous counsel of plaintiff. Notwithstanding the above, said fee is subject to reduction to the extent necessary to enable plaintiff to receive twenty-five percent (25%) of the net base proceeds of recovery, which net base proceeds are measured by the total proceeds less all costs incurred by plaintiff and less all fees charged by local counsel, Hensley, Kim & Edgington, LLC.

Copies of this Notice were served on counsel for the Patent Defendants, Plaintiff Phillips, Mr. Edgington, and Duane Morris LLP.

On December 20, 2006, the District Court granted the Patent Defendants' Motion for Judgment as a Matter of Law. In her Order, Judge Krieger found that the entirety of the evidence at the close of Mr. Phillips' case, "even when construed most favorably to the Plaintiff, is inadequate for a reasonable jury to find either literal infringement or infringement by equivalence between Plaintiff's end closures and those used by the Defendants in the first three jails."[4] *See* Opinion and Order Granting Defendants' Motion for Judgment as a Matter of Law, at 13. As for

---

[4] Plaintiff's patents relate to the design, manufacture and testing of modular steel shells for use in the construction of prison or jail facilities. At trial, Mr. Phillips alleged that the Patent Defendants had infringed upon his patents in connection with contracts to build seven jails, which Judge Krieger separated into two categories for purposes of her Opinion and Order Granting Defendants' Motion for Judgment as a Matter of Law.

the second group of four jails, the District Court observed that "Plaintiff's testimony fails to even establish <u>how</u> the last four jails were built, much less provide a basis upon which a reasonable jury could determine equivalency." *Id.* at 16 (emphasis in original). After reviewing the trial transcripts, Judge Krieger concluded that the Patent Defendants were entitled to a judgment as a matter of law on the sole claim of patent infringement. *Id.* at 21. Accordingly, on December 20, 2006, the District Court granted final judgment in favor of the Patent Defendants and against Mr. Phillips on all claims in the case.

Also on December 20, 2006, the Duane Morris law firm advised Mr. Manthei that Plaintiff was attempting to reach a settlement of the litigation with the Patent Defendants. That settlement was apparently finalized on December 29, 2006. Under the terms of the settlement, Plaintiff and the Patent Defendants executed mutual releases of all claims they might have against each other, and the Patent Defendants paid Mr. Phillips the amount of $2,550,000.

On February 14, 2007, Mr. Manthei filed a Motion to Preserve Settlement Proceeds, for a Hearing to Determine Value of Attorney's Lien and to Enforce Attorney's Lien (doc. # 348). Plaintiff Phillips filed his Opposition (doc. # 350) to Manthei's motion on March 9, 2007, arguing that the "sweeping relief sought by Lienor is both unwarranted and excessive." In a footnote, Phillips suggested "[i]t also is unclear whether this Court still has subject matter jurisdiction over this dispute because Messrs. Phillips and Manthei are both residents of Colorado and this dispute does not involve a federal question." *See* Plaintiff's Opposition to Lienor's Motion, at 5. In the same Opposition brief, Mr. Phillips raised the issue of Mr. Manthei's performance, suggesting that

6

an "attorney's misconduct may forfeit his right to earn a fee." *Id.* at 7, n. 5.[5] On April 5, 2007, Manthei's motion to enforce his lien was referred to this court by Judge Krieger.

On April 20, 2007, the LaRiviere firm filed a separate Motion to Enforce Attorneys Lien (doc .# 362). Mr. Phillips has stated his intention to assert denials, affirmative defenses, counterclaims – including a compulsory counterclaim of legal malpractice – and a jury demand in response to the LaRiviere firm's Motion to Enforce Attorneys' Lien in the event the District Court elects to retain jurisdiction over this action. *See* Phillips' Response to LaRiviere, Grubman & Payne, LLP's Motion to Enforce Attorneys' Lien (doc. # 412), at 4.

On May 23, 2007, this court directed Plaintiff Phillips to deposit into the registry of the District Court the balance of settlement proceeds in his possession or the possession of his counsel. *See* Doc. # 373. Mr. Phillips filed no objection under Fed.R.Civ.P. 72(a) to that order and deposited the required funds, constituting approximately 35% of the total settlement amount, on May 24, 2007. *See* Doc. 376. During a hearing on September 7, 2007, I directed Plaintiff to post an additional $300,000.00 surety bond. On October 1, 2007, Plaintiff Phillips deposited, without objection, that amount into the registry of the District Court.

On September 4, 2007, Plaintiff Phillips filed a Motion to Dismiss for Lack of Subject-Matter Jurisdiction or, in the alternative, to Decline to Exercise Subject Matter Jurisdiction Pursuant to 28 U.S.C. § 1367(c) (doc. # 411) (hereinafter "Motion to Dismiss"). This court had set an evidentiary hearing (doc. # 381) on the pending motions for attorneys' liens for October 17-19, 2007, but vacated that hearing on September 6, 2007 in light of Plaintiff Phillips' challenge

---

[5]More recently, Plaintiff Phillips has explicitly signaled his intent to assert malpractice counterclaim claims against Mr. Manthei and the LaRiviere firm. *See, e.g.,* Plaintiff's Motion to Dismiss, at 5.

7

to the District Court's subject matter jurisdiction. On September 26, 2007, Judge Krieger referred Plaintiff's Motion to Dismiss for Lack of Subject Matter Jurisdiction to this court for findings of fact and a recommendation (doc. # 424).

The LaRiviere firm initiated a separate lawsuit on August 16, 2007, asserting claims against Mr. Phillips, the Duane Morris law firm and two of its partners, John Herman and Allen Greenberg in their individual capacities, the law firm of Hensley, Kim and Edgington, LLC, and Shane Edgington in his individual capacity. *See LaRiviere, Grubman & Payne, LLP v. Phillips, et al.*, 07-cv-01723-MSK-CBS [hereinafter the "LaRiviere Action"]. Invoking subject matter jurisdiction under 28 U.S.C. § 1332(a), the LaRiviere firm has sued Edward Phillips for breach of contract against Edward Phillips and sued all the named defendants for conversion, civil conspiracy, aiding and abetting conversion, and civil theft. The LaRiviere firm has a separate claim for relief accusing the defendant lawyers and law firms of intentional interference with contractual obligations and the LaRiviere firm's statutory lien rights. The Edgington defendants and Duane Morris defendants have filed separate motions under Fed.R.Civ.P. 12(b)(1) and 12(b)(6). Mr. Phillips has filed a motion to stay the LaRiviere Action pending the outcome of motions filed on his behalf in this case. On October 30, 2007, the LaRiviere Action was transferred to Judge Krieger at her suggestion and with the consent of Chief Judge Nottingham.

**ANALYSIS**

Plaintiff's Motion to Dismiss argues that the claims for attorneys fees asserted by Manthei and the LaRiviere firm should be dismissed, pursuant to Fed.R.Civ.P. 12(b)(1) and 12(h)(3), for lack of subject matter jurisdiction. Plaintiff contends that the Lienors' claims do not fall within the District Court's federal question jurisdiction under 18 U.S.C. § 1331or diversity jurisdiction

under 28 U.S.C. § 1332(a) because both Manthei and Phillips are citizens of Colorado. Mr. Phillips further argues that state law claims implicated by the contested liens are not encompassed by the District Court's supplemental jurisdiction under 28 U.S.C. § 1367, particularly in this case where the original federal claim has been terminated by entry of a judgment in favor of the Patent Defendants. In the alternative, Phillips contends that even if supplemental jurisdiction could reach the Lienors' claims, the District Court should exercise its discretion to decline that jurisdiction under the particular facts of this case. Plaintiff suggests that such a decision would not prejudice Manthei, as this Lienor "will still be able to pursue his legal fee claims against Mr. Phillips, along with any other tort claims he may be considering, through intervention in the [LaRiviere] Lawsuit (if permissible) or by filing his own claims in Colorado's state courts." *See* Plaintiff's Motion to Dismiss, at 38.

The LaRiviere firm agrees with Plaintiff's contention that the District Court lacks subject matter jurisdiction to adjudicate its pending lien. The LaRiviere firm further suggests that the District Court "should refrain from exercising any supplemental jurisdiction it might have for the reason stated in Plaintiff's Motion to Dismiss," reasoning that the LaRiviere Action "provides a more appropriate vehicle for adjudication of all claims" between the LaRiviere firm, Phillips and his counsel. *See* Lienor LaRiviere, Grubman & Payne, LLP's Response to Plaintiff's Motion to Dismiss, at 6.

Mr. Manthei takes a decidedly different view of the Plaintiff's Motion to Dismiss. Manthei insists that disputes involving attorneys fees fall within the District Court's ancillary or supplemental jurisdiction, even after the litigation's underlying claims have been resolved and judgment has been entered. Manthei suggests that supplemental jurisdiction is particularly

9

appropriate in this case, since his charging lien was filed during the pendency of Mr. Phillips' litigation against the Patent Defendants.

There does not appear to be any serious dispute as to whether the contested liens fall within the District Court's original jurisdiction. While the District Court has subject matter jurisdiction over all civil actions arising under the laws of the United States, *see* 28 U.S.C. § 1331, the test for federal question jurisdiction requires that a federal statute create the cause of action asserted or that the plaintiff's right to relief depend on a substantial question of federal law. *See Battle v. Seibels Bruce Insurance Co.*, 288 F.3d 596, 606-07 (4th Cir. 2002). *Cf. Michigan Southern Railroad Co. v. Branch & St. Joseph Counties Rail Users Association, Inc.*, 287 F.3d 568, 574 (6th Cir. 2002) (holding that a lawsuit based on state substantive contract law does not fall within federal question jurisdiction unless a substantial, disputed question of federal law is a necessary element of a state cause of action). Similarly, Mr. Manthei cannot rely on 28 U.S.C. § 1338 as an alternative basis for subject matter jurisdiction over his lien claim. *See In re Tamoxifen Citrate Antitrust Litigation*, 466 F.3d 187, 1999 (2d Cir. 2006) (holding that a claim "arises under" federal patent law if federal patent law creates the cause of action or if the plaintiff's right to relief depends upon resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims), *cert. denied*, 127 S.Ct. 3001 (2007). As Mr. Phillips and Mr. Manthei are both citizens of Colorado, the court cannot invoke diversity jurisdiction under 28 U.S.C. § 1332(a). *Cf. Radil v. Sanborn Western Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004) (to establish subject matter jurisdiction under 28 U.S.C. § 1332, a party must show that complete diversity of citizenship exists between the parties). If the Lienors' claims are to proceed in this action, they must fall within the District

10

Court's supplemental jurisdiction.

With passage of the Judicial Improvements Act of 1990, District Courts acquired "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *See* 28 U.S.C. § 1367(a). The statutory grant of supplemental jurisdiction continues the pre-existing doctrines of ancillary and pendent jurisdiction. *See City of Chicago v. International College of Surgeons*, 522 U.S. 156, 165 (1997). As one commentator has observed, § 1367

> generally ratifies and incorporates the constitutional analysis that the Supreme Court provided in *Gibbs v. United Mine Workers of America* to determine whether the court had the power to hear a supplemental claim. . . . The *Gibbs* test focused on the relationship between the federal and nonfederal claims with regard to two factors: (1) "The state and federal claims must derive from a common nucleus of operative fact" and (2) that the state and federal claims must be claims that ordinarily would be tried in one judicial proceeding.

13 Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Richard D. Freer, *Federal Practice and Procedure*, §3523.1 (2d ed., 2007 Supp.) (internal citations omitted). Section 1367(c) also identifies the following circumstances in which a court may exercise its discretion to decline to hear ancillary claims:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Whether viewed as ancillary or supplemental, the court's exercise of jurisdiction should take into consideration the interests of judicial economy, convenience and fairness to litigants. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). Ancillary jurisdiction serves two separate purpose: "(1) to permit disposition by a single court of claims that are in varying respects and degrees, factually interdependent, and (2) to enable a court to function successfully, that is to manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen v. Guardian Life Insurance Company of America,* 511 U.S. 375, 380 (1994). Militating against the exercise of supplemental jurisdiction are the countervailing desire to avoid multiplicity in litigation and "needless decisions of state law." *See Gibbs*, 383 U.S. at 726; *Rosado v. Wyman*, 397 U.S. 397, 405 (1970).

Mr. Manthei has cited several cases in which courts have exercised ancillary or supplemental jurisdiction to resolve disputes relating to attorneys fees. *See, e.g., State Contracting & Engineering Corp v. Condotte America, Inc.*, 197 Fed. Appx. 915, 918 (Fed. Cir. 2006) (a federal District Court has supplemental jurisdiction to hear disputes related to charging liens filed against that court's judgments), *cert. denied*, 127 S.Ct. 2035 (2007); *Kalyawongsa v. Moffett*, 105 F.3d 283, 286-87 (6th Cir. 1997) (holding that a trial court had supplemental jurisdiction to resolve fee disputes and enforce attorneys' liens even after the underlying litigation had settled); *Novinger v. E.I. DuPont De Nemours & Co.,* Inc., 809 F.2d 212, 217-18 (3rd Cir. 1987) (held that trial court had ancillary jurisdiction over dispute regarding attorneys fees and costs).

To the contrary, Plaintiff Phillips argues that there is no basis for supplemental jurisdiction in this case because the original federal claim was terminated upon entry of judgment in favor of

12

the Patent Defendants. While it is undisputed that Manthei and the LaRiviere firm filed their lien notices prior to entry of final judgment on December 20, 2006, Plaintiff contends that the District Court no longer had jurisdiction over the underlying federal claim when Manthei and the La Riviere firm moved to enforce those liens in 2007. Plaintiff's argument relies heavily on the decision in *Auxier v. Abitibi-Price Corp.,* 857 F. Supp. 59 (D. Kan. 1994). In that case, the plaintiff's attorneys moved to modify an order of dismissal to resolve a fee dispute that arose after the parties had voluntarily settled their litigation. The court in *Auxier* reasoned that a federal court may only exercise ancillary jurisdiction over a fee dispute when it has retained jurisdiction over the underlying claim or when it resolves the dispute in conjunction with supervising and directing the distribution of funds deposited with the court.

> Ancillary jurisdiction does not allow us to resolve the instant dispute over attorneys' fees because the court does not have jurisdiction over any principal claim – plaintiff's claim has been dismissed, judgment for defendant has been entered and plaintiff's appeal has been dismissed. There is simply no case or controversy properly before the court that is related to the fees dispute.

*Auxier v.Abitibi-Price Corp.,* 857 F. Supp. at 60. *Accord Ryther v. KARE 11*, 976 F. Supp. 853, 856-58 (D. Minn. 1997); *Hoxeng v. Topeka Broadcomm, Inc*., 949 F. Supp. 807 (D. Kan. 1996).

It must be noted that the holding in *Auxier* is not controlling authority in this action and my research has not disclosed any Tenth Circuit decision adopting that analysis. Moreover, the facts in the instant case are distinguishable from those in *Auxier*. Here, the court has within its registry a portion of the settlement proceeds paid to Plaintiff Phillips. *Cf. Grimes v. Chrysler Motors Corp.*, 565 F.2d 841, 844 (2d Cir. 1977) (citing *Fulton National Bank of Atlanta v. Hozier*, 267 U.S. 276 (1925) for the proposition that ancillary jurisdiction is appropriate where the subsidiary controversy "has direct relation to property or assets actually or constructively

drawn into the court's possession or control by the principal suit").[6] Plaintiff Phillips filed no objection with the District Court in the wake of my orders requiring those deposits.

I recognize that with the dismissal of the underlying patent claim in this case, the District Court's subject matter jurisdiction would ordinarily be extinguished. Supplemental jurisdiction under § 1367(a) provides a narrow exception to this general rule. While § 1367(c) states that the District Court *may* decline to exercise supplemental jurisdiction when the underlying claims have been dismissed, the statute is not written in mandatory terms. I conclude that an exercise of supplemental jurisdiction over the liens asserted by Manthei and the LaRiviere firm is appropriate under the particular facts of this case. Certainly, the goals of judicial economy, convenience and fairness to the litigants are furthered by assumption of jurisdiction. *Thatcher Enterprises v. Cache County Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990). *Cf. Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988) (noting that the doctrine of supplemental jurisdiction is a "doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values"). *Compare Tonkovich v. Kansas Board of Regents*, 254 F.3d 941, 945 (10th Cir. 2001) (suggesting that the trial court properly declined to exercise supplemental jurisdiction over state law claims, given the "relative lack of pretrial proceedings – including a total absence of discovery").

The Tenth Circuit has pointed to four factors that a District Court should consider when deciding whether to exercise ancillary or supplemental jurisdiction:

(1) an ancillary matter should arise from the transaction that was the basis of the

---

[6] Writing for a unanimous Court in *Kokkonen*, 511 U.S. at 380, Justice Scalia took note of the "excessively limited description of the [ancillary jurisdiction] doctrine" enunciated in *Fulton National Bank of Atlanta*, 267 U.S. at 280.

14

principal proceedings, during the course of the principal proceedings, or as an integral part of the main proceedings; (2) the federal court should be able to determine the matter without a substantial new factfinding proceeding; (3) failing to determine the matter should not deprive a party of any important procedural or substantive right; or (4) the matter should be decided in order to protect the integrity of the principal proceeding or insure that its disposition is not frustrated.

*See Jenkins v. Weinshienk*, 670 F.2d 915, 918 (10th Cir. 1982). Here, Manthei and the LaRiviere firm filed their lien notices during the pendency of the patent litigation. Those filings placed the Patent Defendants, Plaintiff Phillips and his replacement counsel on notice that the Lienors were claiming entitlement to unpaid attorneys fees. It appears that the Duane Morris firm was seeking fee concessions from Mr. Manthei in conjunction with settlement negotiations with the Patent Defendants. Plaintiff's protestations notwithstanding, the liens asserted by Manthei and the LaRiviere firm, as well as possible counterclaims that may be asserted by Phillips and other counsel, do not involve "novel or complex" issues of state law, and should not involve extensive additional fact-finding.[7] While I cannot say with certainty that Mr. Manthei will be deprived of important substantive or procedural rights if supplemental jurisdiction is declined, litigating in two separate forums may raise issues of preclusion. Most certainly proceeding before state and federal tribunals would prolong these fee disputes and require the interested parties to pursue similar claims in two different forums, thereby increasing the time and expense for all concerned.

Finally, considerations of judicial economy and convenience weigh heavily in favor of

---

[7]While Plaintiff Phillips has signaled his intention to pursue malpractice claims against his former counsel, I express no opinion as to the legal or factual merits of those putative claims. I will note, however, that at trial the LaRiviere firm achieved a favorable verdict in the amount of $1,850,000 which the District Court subsequently set aside. I also note that Mr. Phillips ultimately reached a settlement with the Patent Defendants in the amount of $2,550,000. *But see Brown v. Silvern*, 45 P.3d 749, 751 (Colo. App. 2001) ("To succeed on a legal malpractice claim founded in negligence, the plaintiff must establish that . . . the attorney's breach proximately caused damage to the plaintiff.") (citation omitted).

exercising supplemental jurisdiction. This litigation has been pending for more than ten years and has generated at last count 462 entries on the District Court's docket. Multiple sets of attorneys have played significant roles at various times over the years. Judge Krieger's familiarity with the litigation history and the performance of respective counsel can hardly be disputed. *Cf. Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d. 442, 445 (2d Cir. 1998) (in holding that the trial court had improperly declined supplemental jurisdiction over a fees dispute, noted that the trial court "had obtained total familiarity with the subject matter of the suit and the professional services of the moving parties thereon"); *Drake v. Laboratory Corp. of America Holdings*, 323 F. Supp.2d 449, 454 (E.D.N.Y. 2004) (in electing to exercise supplemental jurisdiction, noted that the claimant had been litigating in the District Court for a decade and that the District Court was "uniquely familiar with all the underlying facts and history leading to the present litigation"); *Dollard v. Allen*, 260 F. Supp.2d 1127, 1135-36 (D. Wyo. 2003) (electing to retain supplemental jurisdiction over state claims after noting "there is a substantial risk that this action would be delayed if re-filed in state court" and that the District Court "has studied the record in this case extensively and believes it would be a waste of judicial resources to require a state court to familiarize itself with the same materials"). Declining supplemental jurisdiction in this case will not end the District Court's involvement in fee disputes arising from the underlying litigation, since many of the same facts and arguments have been raised in the LaRiviere Action which is also before Judge Krieger. Consolidating this case with the LaRiviere Action for discovery and trial should pose little hardship to any of the litigants.

## CONCLUSION

For the foregoing reasons, I recommend that the District Court exercise its supplemental jurisdiction over the liens filed by Carl Manthei and LaRiviere, Grubman & Payne, LLP, and DENY Plaintiff Phillips' Motion to Dismiss for Lack of Subject Matter Jurisdiction or, in the alternative, to Decline to Exercise Subject Matter Jurisdiction Pursuant to 28 U.S.C. § 1367(c) (doc. # 411).

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at

1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado this 18th day of December, 2007.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge