IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 97-cv-00212-MSK-CBS

EDWARD H. PHILLIPS,

      Plaintiff,

v.

AWH CORPORATION, a Delaware corporation,
HOPEMAN BROTHERS, INC., a Delaware corporation, and
LOFTON CORPORATION, a Delaware corporation,

      Defendants,

CARL MANTHEI, and
LARIVIERE, GRUBMAN & PAYNE, LLP

      Interested Parties.

---

**OPINION AND ORDER REJECTING MAGISTRATE'S RECOMMENDATION,
AND GRANTING MOTION TO DISMISS**

---

      **THIS MATTER** comes before the Court pursuant to the Plaintiff's Objections **(# 466)** to the Recommendation **(# 463)** of United States Magistrate Judge Craig B. Shaffer that the Plaintiff's Motion to Dismiss for Lack of Subject Matter Jurisdiction **(# 411)** be denied, Interested Party Carl Manthei's ("Manthei") response **(# 467)**, and the Plaintiff's reply **(# 473)**. A number of other matters are also pending in this case: Manthei's Motion for Summary Judgment **(# 468)**, Manthei's Motion to Strike **(# 475)** the Plaintiff's reply in support of his Objections; the Plaintiff's Objections **(# 479)** to an February 12, 2008 Minute Order **(# 476)** by Magistrate Judge Shaffer denying the Plaintiff's Motion to Stay **(# 357)**; the Plaintiff's Motion to

1

Stay and/or Strike Manthei's Motion for Summary Judgment **(# 489)**; Manthei's Motion to Strike the Plaintiff's Provisional Counterclaim **(# 495)**; Interested Party LaRiviere, Grubman & Payne's ("LaRiviere") Motion to Join **(# 501)** in Manthei's Motion to Strike the Plaintiff's Counterclaim; and LaRiviere's Motion for Extension of Time to Designate Non-Parties at Fault **(# 511)**.

The background of this case is extensive, spanning more than a decade, but for the purposes of this ruling can be briefly summarized. The Plaintiff commenced this action alleging claims of patent infringement. During the pre-trial phase of the case, the Plaintiff was represented by Interested Party Manthei. Prior to trial, the Plaintiff discharged Manthei and retained LaRiviere to try the case. The jury returned a verdict in favor of the Plaintiff, awarding $ 1.85 million in damages. During post-verdict proceedings, the Plaintiff discharged LaRiviere and retained another law firm to represent him. LaRiviere filed a Notice of Attorney's Lien **(# 338)** against the jury's award.

Upon consideration of the post-verdict motions, the Court granted **(#345)** the Defendants' Motion for Judgment as a Matter of Law, setting aside the verdict and granting judgment **(# 346)** to the Defendants. The parties engaged in further negotiations, and ultimately settled the Plaintiff's claims in exchange for a payment of $2.55 million to the Plaintiff.

The case then entered its current phase. Manthei filed a Motion to Enforce an Attorney's Lien **(# 348)** on the settlement proceeds; LaRiviere filed a similar motion **(# 362)**. The Plaintiff moved to stay **(# 357)** the lien enforcement proceedings while his current counsel examined the possibility of bringing malpractice "counterclaims" in response to his the lien enforcement motions. Magistrate Judge Shaffer ordered **(# 373)** that the Plaintiff deposit the remaining

2

settlement funds in the registry of the Court pending resolution of the fee claims.   Shortly thereafter, LaRiveiere commenced a new lawsuit in this Court, *LaRiviere, Grubman & Payne, LLC v. Phillips*, D.C. Colo. Case No. 07-cv-01723-MSK-CBS, in which it asserted various claims for breach of contract, conversion, and tortious interference with contract, among others, against the Plaintiff and his previous counsel.

On September 4, 2007, the Plaintiff filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction, or, in the alternative, to Decline to Exercise Supplemental Jurisdiction **(# 411)**.  The Plaintiff argued that: (i) the Court lacks subject-matter jurisdiction over the remaining proceedings because the Court had entered a final judgment on the patent claims; (ii) there is no independent basis for federal subject-matter jurisdiction[1] over the remaining fee dispute; and (iii) the Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367, in that the fee disputes and, potentially, malpractice claims are too attenuated from the now-concluded patent dispute.  Manthei filed a response **(# 426)** to the Plaintiff's motion, arguing that sufficient subject-matter jurisdiction continued to exist.  LaRiviere filed a response **(#429)** to the Plaintiff's motion, agreeing with the Plaintiff that insufficient jurisdiction remained, but requesting that the Court continue to preserve the funds in the registry pending the outcome of LaRiviere's own lawsuit against the Plaintiff.

The Court referred the Plaintiff's jurisdictional motion to the Magistrate Judge for consideration, and on December 18, 2007, the Magistrate Judge issued a Recommendation **(#463)** that the motion be denied.  The Magistrate Judge agreed with the Plaintiff that the Court

---

[1]The Plaintiff noted that both he and Manthei are citizens of the State of Colorado, defeating any possible diversity jurisdiction under 28 U.S.C. § 1332.  LaRiviere, as a citizen of California, premised its own suit against the Plaintiff on diversity jurisdiction.

lacked continuing federal question jurisdiction under 28 U.S.C. §1331 over the matter and that the underlying patent action was insufficient to confer continuing jurisdiction over the fee claims under 28 U.S.C. § 1338. However, the Magistrate Judge found that the Court has the ability to exercise supplemental jurisdiction over the remaining issues, and that goals of judicial economy, convenience, and fairness to the litigants would best be served by the Court doing so. Specifically, he found that both Manthei and LaRiviere filed their lien notices during the pendency of the patent litigation; that the fee claims "do not involve 'novel or complex' issues of state law and should not involve extensive additional fact-finding"; that "proceeding before state and federal tribunals would prolong these fee disputes and require the interested parties to pursue similar claims in two different forums, thereby increasing the time and expense for all concerned"; and that this Court had thorough familiarity with the proceedings to date, familiarity that would not be available to a state court hearing the fee dispute.

The Plaintiff filed[2] extensive Objections **(# 466)**, challenging "nearly every legal and discretionary conclusion or recommendation made by the Magistrate Judge." Simplified, the

---

[2]The Magistrate Judge's Recommendation was issued on December 18, 2007. The Plaintiff's objections were not filed within the 10 day period permitted by 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72, but the Plaintiff did file a timely Motion for Extension of Time to File Objections **(# 464)**, citing the press of other business. Manthei opposed **(# 465)** the requested extension. The Plaintiff filed his objections within the time period requested in his motion, and this Court then entered an Order **(# 498)** "finding as moot" the Plaintiff's Motion for Extension of Time, in light of his eventual filing of Objections. Arguably, the timeliness of objections to a Recommendation bears on whether the objecting party can later seek appellate review of the questions presented in the Recommendation, *see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir.2005); *Jones v. Salt Lake County*, 503 F.3d 1147, 1152 (10th Cir. 2007), and thus, it is incumbent upon the Court to render a substantive ruling either granting or denying the Plaintiff's requested extension. However, given that the Court ultimately resolves the Objections in the Plaintiff's favor, there is no reason why the Plaintiff would need to seek appellate review of the Court's ruling, and thus, no reason to address the motion for extension of time in order to establish whether the Plaintiff may seek such review.

Plaintiff's Objections raised four contentions: (i) the Magistrate Judge's Recommendation was allegedly influenced by the Magistrate Judge's simultaneous supervision of the parties' settlement discussions; (ii) the Magistrate Judge's observation that the settlement funds in the Court's registry distinguished this case from *Auxier v. Abitibi-Price Corp.*, 857 F.Supp. 59 (D. Kan. 1994) was in error becuse the deposit of the funds into the registry was compelled by the Court; (iii) the Magistrate Judge erred in finding that the Court could continue to exercise supplemental jurisdiction despite the entry of judgment; and (iv) the Magistrate Judge erred in recommending that the Court exercise its discretionary authority to continue to assert jurisdiction over the remaining disputes.

Shortly thereafter, Manthei filed a "Motion for Summary Judgment Re: Attorney's Lien" **(# 468)**. In partial response, the Plaintiff filed a "Provisional Counterclaim" **(# 490)** asserting claims of professional negligence and breach of fiduciary duty against Manthei and three other individual attorneys who were affiliated with Manthei during Manthei's representation of the Plaintiff. The Plaintiff's "Counterclaim" also asserted claims of professional negligence and breach of fiduciary duty against LaRiviere. These filings have engendered additional rounds of briefing and collateral motion practice as referenced above.

## **ANALYSIS**

Because the motion to dismiss is dispositive in nature, the Court reviews the Magistrate Judge's Recommendation *de novo*.[3] Fed. R. Civ. P. 72(b).

---

[3] Where no party files timely objections to a recommendation, the Court applies whatever standard of review to that recommendation that it deems appropriate. *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir.1991). Even assuming the Plaintiff's Objections were untimely, *see* n. 2, *supra*., the Court would nevertheless have reviewed the recommendation under the otherwise applicable *de novo* standard.

A thorough discussion of the Plaintiff's particular Objections is unnecessary. Upon a *de novo* review, this Court agrees with the Magistrate Judge's findings that no continuing jurisdiction exists under 28 U.S.C. § 1331 or § 1338, but that the Court may, in its discretion, continue to exercise supplemental jurisdiction over the attorneys' lien issues. However, the Court disagrees with the Magistrate Judge that the Court should continue to exercise jurisdiction over the ongoing disputes in this matter.

28 U.S.C. § 1367(c) list four circumstances in which the Court may "decline to exercise supplemental jurisdiction" over claims remaining in an action: (i) where "the claim raises a novel or complex issue of State law"; (ii) where "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction"; (iii) where "the district court has dismissed all claims over which it has original jurisdiction"; or (iv) "in exceptional circumstances [where] there are other compelling reasons for declining jurisdiction." These circumstances are not necessarily exclusive, nor do they compel the negative inference that the Court <u>must</u> exercise jurisdiction if none of the circumstances is present. At bottom, supplemental jurisdiction "is a doctrine of discretion, not of [ ] right," and the Court can decline to exercise jurisdiction for any valid reason. *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 172 (1997). "A host of factors [ ] including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims" weigh in the decision whether to exercise supplemental jurisdiction. *Id.* at 173. Ultimately, the decision should be made mindful of what best serves the principles of economy, convenience, fairness, and comity. *Id.* at 172-73.

This Court notes that, of the four factors identified in § 1367(c), at least three are present in this case. At this stage of the litigation, the parties' claims for fees (and "counterclaims" for malpractice, among others) are all determined by application of state law. While the law underlying attorney's lien and malpractice claims is not necessarily "novel or complex," the competing fee claims of two different law firms and the Plaintiff's malpractice claims mirroring those fee claims present a complex factual scenario that will necessarily require extensive factfinding. The second § 1637(c) factor is present, in that the remaining fee claims not only "predominate" over the substantive patent claims, but that the substantive claims have been resolved in their entirety and judgment on those claims has entered. *See Intl. College of Surgeons*, 522 U.S. at 173 (court must weigh supplemental jurisdiction considerations "at every stage of the litigation"). In essence, the fee/malpractice dispute is an entirely new controversy, unrelated to the substantive patent claims.

In addition, there may be at least one "exceptional circumstance" that warrants disposition of the parties' fee claims by another court. One of the issues that may be raised by the parties is that this Court set aside the jury's verdict in favor of the Plaintiff due to the lack of sufficient evidence to support it. It is reasonable to expect that the Plaintiff will point to this Court's ruling setting aside the verdict as evidence that LaRiviere's representation at trial, and/or Manthei's preparation of the case for trial, was negligent. It is also reasonable to expect that LaRiviere and/or Manthei will disagree with this Court's view of that evidence, and indeed, will contend that this Court's ruling was in error.

Although the law recognizes that, in some circumstances, judges must attempt to objectively evaluate the correctness of rulings they have issued, *see e.g.* 28 U.S.C. § 2253(c)(2)

*and Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (requiring court in *habeas* cases to issue Certificate of Appealability if "another court could resolve the issues differently" or "the issues raised are debatable among jurists"), it may be wiser to allow an independent jurist to revisit these issues as may be necessary in the course of resolving the fee/malpractice disputes. Having three of the four §1367(c) factors present is a strong indication that the Court's discretionary exercise of continuing jurisdiction over the remaining claims in this case is inappropriate.

Moreover, this Court disagrees with Judge Shaffer that generalized interests of economy, convenience, fairness, and comity are necessarily advanced by this Court continuing to exercise jurisdiction over the case. This is not a typical post-judgment claim for fees under a fee-shifting statute, where the Court is merely required to determine whether the hours and hourly rate claimed by counsel is reasonable. As is shown by Manthei's and LaRiviere's notices of lien, and the Plaintiff's malpractice-based "Counterclaims" in response, the claims remaining to be resolved present a triangular battle somewhat resembling an Interpleader action, in which each party's clear interest is to dispute the reasonableness of the conduct of the other two sides in order to obtain the lion's share of a pot of available funds. *C.f. Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 448 (2d Cir. 1998) (finding abuse of discretion where trial court declined to exercise supplemental jurisdiction over "straightforward" fee claim in which "the only issue . . . is which of the Appellees are liable for the undisputed fees and expenses owed to the Appellants"). In additon, it is apparent that the Plaintiff's defense/counterclaim of malpractice against both Manthei and LaRiviere will require "extensive additional fact-finding,"[4]

---

[4] In defense of the Magistrate Judge, the Plaintiff did not formally file his "Counterclaims" sounding in malpractice until after the Recommendation had been issued.

both as to the nature and extent of the services actually provided by each counsel, as well as to the quality of those services.[5]

The Court shares some of the concerns expressed by Judge Shaffer, insofar as declining jurisdiction will likely force the various fee and malpractice claims into state court, resulting in some delay, expense, and inconvenience to the parties. At the same time, the Court notes that the parties' claims here form what is, in essence, a brand-new lawsuit. As is apparent in the motion practice upon which this ruling focuses, this controversy is essentially a new one in which there is likely to be a period of pre-trial activity which may involve discovery, motion practice, and preparation for a trial. It makes little difference whether that process occurs in state or federal court. Indeed, resolution of the issues is no more likely to occur rapidly (particularly given the current shortage of active judges in this Court, and the corresponding increase in caseloads) or economically in this Court than it would in state court. For the reasons stated above, this Court's familiarity with the underlying patent dispute is, if anything, an obstacle, not an asset, to the fair resolution of the remaining issues.

Accordingly, upon *de novo* review and having given due regard to the various considerations underlying the discretionary exercise of supplemental jurisdiction under 28 U.S.C. § 1367, the Court declines to adopt the Magistrate Judge's Recommendation and finds

---

[5]Admittedly, the Plaintiff's malpractice-based "Counterclaims" are what complicate this matter and elevate it above what is presented in typical attorney's fee motions. One might reasonably argue that refusing to entertain such counterclaims is a suitable alternative to declining jurisdiction over the motions relating to the attorney's liens. However, the Plaintiff is entitled to challenge the quality of the services for which Manthei and LaRiviere seek payment, and whether that challenge is framed as a defense to their liens or an independent claim for malpractice (or perhaps both), the issue will nevertheless have to be resolved in some forum. Severing any malpractice claims from Manthei's and LaRiverie's lien proceedings would needlessly multiply the proceedings for all involved.

that, in the exercise of discretion, the Court should decline to exercise jurisdiction over the remaining claims.

For the foregoing reasons, the Plaintiff's Objections **(# 466)** to the Magistrate Judge's Recommendation are **SUSTAINED** and the Court **REJECTS** the Magistrate Judge's Recommendation **(# 463)**. The Plaintiff's Motion to Dismiss for Lack of Subject Matter Jurisdiction **(# 411)** is **GRANTED**. The Court declines to exercise further supplemental jurisdiction under 28 U.S.C. §1367 over the remaining liens, claims, and counterclaims, and those claims, liens, and counterclaims are **DISMISSED**, without prejudice, for lack of subject matter jurisdiction. The remaining motions pending in this action are **DENIED** as moot. In order to ensure that no party is prejudiced by the premature liquidation of the funds currently deposited in the Court's registry, the Court will **STAY** the release of those funds for a period of 30 days, during which any party may seek an order from another tribunal to transfer the funds to it.

Dated this 4th day of September, 2008

                                               **BY THE COURT:**

                                               Marcia S. Krieger
                                               United States District Judge